# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50894

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2015

Lyle W. Cayce
Clerk

SEBASTIAN B. NIXSON,

Plaintiff-Appellant

v.

K. WILLIAMS, SAPD Officer, Badge #0820,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-710

Before  PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sebastian B. Nixson moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint.  Nixson claimed that he was falsely arrested for driving while intoxicated and without insurance.  The district court noted that Nixson's complaint was duplicative of a previous action and dismissed the suit as frivolous and malicious.  Denying his motion for leave to proceed IFP on appeal, the district court certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50894

By moving to proceed IFP, Nixson is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Nixson does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Nixson has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *Id*. Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Nixson's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We hereby inform Nixson that the district court's dismissal of his § 1983 complaint and our dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We warn Nixson that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated

No. 14-50894

or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.